IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | **CASE NO.: 7:19-CR-00010 (WLS-TQL)** |
| | : | |
| **CLINT MCDONOUGH,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

On October 2, 2024, the Court held a hearing on the United States Probation Office's Petition (Doc. 62) to revoke Defendant Clint McDonough's ("Defendant") supervised release. Previously, Defendant pleaded guilty to Count I of the Indictment (Doc. 1), which charged him with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2260(a). Defendant was sentenced on December 18, 2019, to a term of imprisonment of 18 months, to be followed by five years supervised release. After Defendant's release from federal custody, the Court found Defendant in violation of the terms of his supervised release. Consequently, Defendant's supervised release was revoked on September 29, 2022, and Defendant was sentenced to 11 months' imprisonment, followed by a five-year period of supervised release.

Defendant's second term of supervised release began on November 7, 2022. On January 23, 2023, the United States Probation Office ("USPO") petitioned the Court for a warrant or summons. (Doc. 50). USPO filed an Amended Petition ("the Petition") (Doc. 62) on June 7, 2024. The Petition alleges that Defendant violated the conditions of his supervised release on two (2) occasions.

At the revocation hearing held on October 2, 2024, Defense Counsel acknowledged that Defendant had been provided with a copy of the Petition for revocation and that Defendant had reviewed it with Counsel. The Court advised Defendant of his right to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. Defendant was also advised that he was not required to testify or present a defense and whether he would testify, consistent with his right to do so, was his decision—all of which

Defendant acknowledged he understood. The Court also confirmed from Defendant that he had received the Petition (Doc. 62) and Revocation Report (Doc. 63) and reviewed them. Defendant stated he had spoken to Counsel about the Petition and wished to admit to the violations. Accordingly, the Court found that Defendant freely, knowingly, and voluntarily waived his right to a hearing and stipulated to the alleged violations. The Court thus found that Defendant violated the conditions of his supervised release and declared Defendant's supervised release revoked.[1]

The Court heard from the Government, Defense counsel, and Defendant. Neither party objected the Revocation Report. The Government requested a sentence at the lower end of the U.S. Sentencing Guidelines range. Defendant requested an extended term of supervised release, or alternatively, a sentence that would allow for Defendant's placement in a transitional center. The Court determined Defendant's U.S. Sentencing Guidelines range to be 8–14 months based on Defendant's Grade B violations and a Criminal History Category of III. Based on the totality of circumstances in this case and the factors found at 18 U.S.C. §§ 3553(a) and 3583(e), the Court sentenced Defendant a term of imprisonment of fourteen (14) months.

For the aforementioned reasons, the Petition (Doc. 62) is **GRANTED**, and Defendant's term of supervised release is hereby **REVOKED**. Defendant is sentenced to fourteen (14) months of imprisonment in the custody of the Bureau of Prisons. No term of supervised release is to follow said imprisonment.

**SO ORDERED**, this 4th day of October 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.*